DECISION
The matter before the Court is the motion filed by Edward D. DiPrete for return of contributions pursuant to 36-10.1-4 of the General Laws of Rhode Island.
As a predicate to the invocaton of the statute for Return of Contributions, this Court did, at the request of the Retirement Board, revoke Edward D. DiPrete's $50,777. annual pension in its entirety. Acting pursuant to 36-10.1-3 (d), this Court denied Patricia D. DiPrete any retirement benefits or payments. Thus, the only remaining issue to be decided is whether Edward D. DiPrete's motion for return of contributions should be granted. A hearing was held on June 30, 1999, at which time evidence was presented in the form of both testimony and documents. Because a resolution of this dispute centers on the interpretation of36-10.1-4 (a) Return of Contribution, the Court directed the filing of legal memoranda from both parties in support of their respective positions. Having received from both parties the memoranda requested and having carefully reviewed same, this decision follows.:
 36-10.1-4 states: "Return of contribution. — (a) Any public official or public employee whose retirement or other benefits or payments are revoked pursuant to this chapter shall be entitled to a return of his or her contribution paid into the relevant pension fund(s), without interest.
 (b) Any public official or employee whose retirement or other benefits or payments are reduced pursuant to this chapter shall be entitled to a pro rata return of a portion of his or her contribution paid into the relevant pension fund(s) in an amount proportionate to the amount of any such reduction, without interest.
 (c) Notwithstanding the provisions of subsections (a) and (b) of this section, no payments in return of contributions shall be made or ordered unless and until the superior court determines that the public official or public employee whose retirement or other benefits or payments have been revoked or reduced under this chapter has satisfied in full any judgments or orders rendered by any court of competent jurisdiction for the payment of restitution for losses incurred by any person as a result of the subject crime related to public office or public employment. If the superior court determines that the public official or employee whose retirement or other benefits or payments have been revoked or reduced under this chapter has failed to satisfy any outstanding judgment or order of restitution rendered by any court of competent jurisdiction, it may order that any funds otherwise due to the public official or public employee as a return of contribution, or any portion thereof, be paid in satisfaction of the judgment or order."
The law in Rhode Island concerning the interpretation of statutory language is well settled. Indeed, in its most recent pronouncement, a case with which I am somewhat familiar,Providence Journal Company vs. Rodgers, 711 A.2d 1131 (1998), our Supreme Court held:
 Standard of Review [1-3] "[W]hen the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings" in establishing and effectuating statutory intent. Accent Store Design Inc. v. Marathon House, Inc., 674 A.2d 1223, 1226 (R.I. 1996). In so doing, "[w]e do not * * * interpret a legislative enactment literally when to do so would produce a result at odds with its legislative intent. * * * Rather, we will give the enactment `what appears to be the meaning that is most consistent with its policy or obvious purpose.'" Kirby v. Planning Board of Review of Middletown, 634 A.2d 285, 290 (R.I. 1993) (quoting Zannelli v. DiSandro, 84 R.I. 76, 81, 121 A.2d 652, 655 (1956)). Additionally, when interpreting a legislative enactment that contains ambiguous language, we "constru[e] the enactment so as to effectuate the intent of the Legislature. * * * In so doing, this Court examines statutory provisions in their entirety, attributing to the act the meaning most consistent with the policies and purposes of the Legislature." In re Advisory to the Governor (Judicial Nominating Commission), 668 A.2d 1246, 1248 (R.I. 1996).
Surely, the language of this statute is both clear and unambiguous. What the statute says clearly is that where benefits are revoked, a public official shall be entitled to a return of his contributions. The Retirement Board argues, however, notwithstanding its clear language, that the statute at issue "should not be applied literally if to do so would produce patently absurd or unreasonable results". In support of its argument, the Retirement Board cites as precedent Brennan v.Kirby, 592 A.2d 633 (1987). Brennan, however, involved inconsistent statutes and our Supreme Court held "when apparently inconsistent statutory provisions are questioned, every attempt should be made to construe and apply them so as to avoid the inconsistency and should not be applied literally if to do so would produce patently absurd or unreasonable results." The flaw, of course, in the Retirement Board's argument is that we are not dealing with two separate statutes which are inconsistent with each other.
The second case cited by the Board also is of no help to their cause. Rather, its holding tends to favor the interpretation urged by the petitioner, Edward D. DiPrete. InSorenson v. Dalibri Corp., 650 A.2d 125 (1994), then Acting Chief Justice Weisberger wrote, in pertinent part, at page 128:
 "We follow the principle of statutory construction that we must ascertain and give effect to the intent of the Legislature. In so doing, we consider the entire statute as a whole; individual sections must be considered in the context of the entire statutory scheme, not as if each were independent of all other sections. In effectuating the Legislature's intent, we review and consider the statutory meaning most consistent with the statute's policies or obvious purposes."
An examination of the entire statute reveals the Legislature chose to treat three separate categories of individuals differently:
In 36-10.1-4 (a), it declared contributions of a public official shall be returned where retirement or other benefits or payments are revoked.
In 36-10.1-4 (b), it declared that where retirement or other benefits or payments are reduced the public official shall be entitled to a pro rata return of a portion of his contribution. . . .
In 36-10.1-4 (c), it declared that the court order no return of any contribution unless the public official has satisfied in full any judgments or orders rendered by any court of competent jurisdiction for the payment of restitution for losses incurred as a result of the crime committed by the public official.
In the case of Bates v. United States, 118 S.Ct. 285 (1997), Justice Ginsburg addressed a similar issue. Writing for a unanimous Supreme Court, Justice Ginsberg stated:
 "Where congress includes particular language in one section of a statute but omits it in another section of the same act, it is generally presumed that congress acts intentionally and purposely in the disparate inclusion or exclusion." Bates v. United States, 118 S.Ct. 285, (1997).
In State v. Benoit, 650 A.2d 1230, 1232 (R.I. 1994), the Rhode Island Supreme Court said basically the same thing ("Moreover, `in enacting a statute the legislature is presumed to have intended that every word, sentence, or provision has some useful purpose and will have some force and effect.'" CitingState v. Reis, 430 A.2d 749, 752 (R.I. 1981)). Furthermore, inState v. Feng, 421 A.2d 1258, 1264 (R.I. 1980), the Rhode Island Supreme Court stated that the Court "shall not interpret a statute to include a matter omitted unless the clear purpose of the legislation would fail without the implication."
As a judge, it is my sworn duty to enforce the law as written. Simply put, I interpret the words "shall be entitled to a return of contributions" to mean Edward D. DiPrete "shall be entitled to a return of his contributions."
Counsel for the Retirement Board of the Employees' Retirement System of the State of Rhode Island shall prepare a Judgment consistent with this decision to return contributions and consistent with the decision to revoke Edward D. DiPrete's pension and retirement benefits and the decision denying Patricia DiPrete any retirement benefits or payments.